IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**UNITED STATES OF AMERICA**                                            **PLAINTIFF**

v.                                                **CIVIL ACTION NO. 2:18-CV-165-KS-MTP**

**REAL PROPERTY LOCATED AT**                              **DEFENDANTS**
**19 CRANE PARK, HATTIESBURG,**
**LAMAR COUNTY, MISSISSIPPI,** *et al.*

### ORDER

For the reasons provided below, the Court **denies** the Motion to Dismiss and Motion for More Definite Statement [337] filed by Claimant HL&C Lamar, LLC.

### I. BACKGROUND

This is a civil forfeiture action concerning numerous assets which were derived from the proceeds of health care fraud and/or involved in or traceable to money laundering. Claimant HL&C Lamar, LLC argues that the Court must dismiss the case as to two real properties (the "Subject Properties") in which it claims an interest.

The Government filed a Notice of Lis Pendens as to the Subject Properties on January 22, 2016, immediately after it seized all involved assets and initiated this civil forfeiture case. The Court stayed the case in 2018 pending resolution of the numerous related criminal prosecutions. On February 7, 2022, the Government entered into a Stipulated Settlement Agreement [332] with Randel and Joele Smith, on behalf of themselves and several companies they own or control, including Ranjo Properties, LLC. Therein, the Smiths and Ranjo agreed to forfeit numerous assets to

the Government, including the two Subject Properties.

However, Ranjo had quit paying property taxes on the Subject Properties in 2018. In 2019, Odysseus Strategies, LLC paid the back taxes, and Ranjo never redeemed them. Therefore, on October 13, 2021, the Lamar County Chancery Clerk conveyed title to the Subject Properties to Odysseus. Odysseus then sold its interest in the Subject Properties to Claimant HL&C, who filed a Motion to Dismiss [337] the Government's Amended Complaint [183] as to the Subject Properties.

## II. DISCUSSION

Claimant HL&C argues that the Court should dismiss the Government's claims against the subject properties because it has failed to state a claim for which relief can be granted. "A claimant who establishes standing to contest forfeiture may move to dismiss the action under Rule 12(b)." FED. R. CIV. P. SUPP. RULE G(8)(b)(i). The Court will assume that Claimant HL&C has standing to contest forfeiture.

To survive a motion to dismiss under Rule 12(b)(6), the "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Great Lakes Dredge & Dock Co. LLC v. La. State*, 624 F.3d 201, 210 (5th Cir. 2010). "To be plausible, the complaint's factual allegations must be enough to raise a right to relief above the speculative level." *Id.* (punctuation omitted). The Court must "accept all well-pleaded facts as true and construe the complaint in the light most favorable to the plaintiff." *Id.* But the Court will not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Id.*

2

Likewise, "a formulaic recitation of the elements of a cause of action will not do." *PSKS, Inc. v. Leegin Creative Leather Prods., Inc.*, 615 F.3d 412, 417 (5th Cir. 2010) (punctuation omitted). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S. Ct. 1937, 1950, 173 L. Ed. 2d 868 (2009).

"The court's review is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Ironshore Europe DAC v. Schiff Hardin, LLP*, 912 F.3d 759, 763 (5th Cir. 2019). The Court may also consider matters of public record, *Davis v. Bayless*, 70 F.3d 367, n. 3 (5th Cir. 1995), and any other matters of which it may take judicial notice. *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011). "If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56," and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." FED. R. CIV. P. 12(d). However, the "district court has complete discretion to either accept or exclude the evidence." *Gen. Retail Servs., Inc. v. Wireless Toyz Franchise, LLC*, 255 F. App'x 775, 783 (5th Cir. 2008).

Most of the exhibits attached to Claimant's motion appear to be matters of public record which the Court may consider when addressing the present motion. It is not necessary to address each specific exhibit, though. The Court will assume that

3

it can consider them all.

Claimant HL&C argues that the Amended Complaint fails to state a claim against the Subject Properties because, under Mississippi law, an *ad valorem* tax assessment constitutes a lien upon real property as of the date of assessment which is entitled to preference over all other liens or encumbrances. The relevant statute provides: "Taxes (state, county and municipal) assessed upon lands . . . shall bind the same and . . . shall be entitled to preference over all judgments, executions, encumbrances or liens whensoever created; and all such taxes assessed shall be a lien upon and bind the property assessed." MISS. CODE ANN. § 27-35-1(1).

Here, it is undisputed that the Subject Properties are "subject to forfeiture" pursuant to 18 U.S.C. § 981(a)(1)(A) and (C). In the First Amended Complaint [183], which the Court must accept as true, the Government alleged that the Subject Properties were purchased with funds derived from the proceeds of health care fraud. First Amended Complaint [183], at 78.

The Government's interest in the Subject Properties vested "upon commission of the act giving rise to forfeiture . . . ." 18 U.S.C. § 981(f). According to the First Amended Complaint [183], which the Court must accept as true, the conduct giving rise to the forfeiture occurred from September 2012 through January 2016. First Amended Complaint [183], at 2-39. "As a result of this 'relation back' of the forfeiture to the date of the illegal act, no third party can acquire a legally cognizable interest in a piece of property at any time after the date of the illegal act which serves as the

4

basis of the forfeiture," absent applicability of the "innocent owner" defense. *United States v. 7.6 Acres of Land*, 907 F. Supp. 782, 784 (D. Vt. Nov. 29, 1995); *see also United States v. $4,480,466.16*, 942 F.3d 655, 660 (5th Cir. 2019) (describing actions a claimant can take in a civil forfeiture proceeding, including assertion of an "innocent owner" defense).

Claimant HL&C did not acquire its purported interest in the Subject Properties until 2022. *See* Exhibit G [338-7], Exhibit H [338-8]. Odysseus, from whom HL&C purchased the interest, acquired it in 2021. *See* Exhibit E [338-5], Exhibit F [338-6]. Therefore, the Government's interest in the Subject Properties, which vested as early as 2012, preceded Claimant's alleged interest by approximately a decade.

However, "[a]n innocent owner's interest in property shall not be forfeited under any civil forfeiture statute." 18 U.S.C. § 983(d)(1). Claimant HL&C has the burden of proving that the "innocent owner" defense applies. *Id.*

> With respect to a property interest acquired after the conduct giving rise to the forfeiture has taken place, the term "innocent owner" means a person who, at the time that person acquired the interest in the property:
>
>> (i) was a bona fide purchaser or seller for value (including a purchaser or seller of goods or services for value); and
>>
>> (ii) did not know and was reasonably without cause to believe that the property was subject to forfeiture.

18 U.S.C. § 983(d)(3)(A).

Here, Claimant HL&C cannot avail itself of the "innocent owner" defense because the Government had filed a *lis pendens* on the Subject Properties, providing

5

"notice to the world of an alleged claim of a lien or interest in the property." *Aldridge v. Aldridge*, 527 So. 2d 96, 99 (Miss. 1988). "The doctrine of *lis pendens* is that every person . . . who acquires from a party to the litigation any interest in property real or personal during the pendency of a suit respecting a right, title, or interest in such property takes subject to, and is conclusively bound by, the decree in such litigation." *Jones v. Jones*, 161 So. 2d 640, 643 (Miss. 1964). Therefore, Claimant HL&C had cause to believe that the property was subject to forfeiture.

Moreover, federal courts have directly addressed the effect of Miss. Code Ann. § 27-35-1 and found that it cannot extinguish a preexisting federal interest in real property. *See United States v. Emergency Land Fund, Inc.*, 569 F. Supp. 62, 64-65 (S.D. Miss. 1983); *SKL Invests., Inc. v. United States*, 2014 WL 4365297, at *6 (W.D. Tenn. Sept. 2, 2014). Indeed, "property owned by the United States is immune from taxation by state and local authorities in the absence of express congressional authorization." *United States v. 9901 Gladiolus Drive*, 837 F. Supp. 1162, 1166-67 (M.D. Fla. 1993) (citing *M'Culloch v. Maryland*, 17 U.S. (4 Wheat) 316, 4 L. Ed. 579 (1819)); *see also City of New Brunswick v. United States*, 276 U.S. 547, 555-56, 48 S. Ct. 371, 72 L. Ed. 693 (1928) (the United States' ownership interest in real property was "paramount to the taxing power of the State and cannot be subjected . . . to sale for taxes"); *United States v. Richland County*, 500 F. Supp. 312, 317 (D. S.C. 1980) (county tax levy and sale were voided because they attempted to extinguish the United States' interest in the property, violating the Supremacy Clause of the United

6

States Constitution). Claimant has not identified any federal statute in which Congress waived the Government's immunity from local taxation with respect to the operation of the federal forfeiture statutes.

Claimant also argues that the Court should order the Government to replead and provide a more definite statement. Claimant argues that because this civil forfeiture action seeks to vest title in the Subject Properties to the United States of America, it is a *de facto* complaint to set aside the 2019 tax sale. Claimant contends that, in such matters, Mississippi law requires that Plaintiff deraign the titles to the Subject Properties.

Mississippi law does not govern this federal civil asset forfeiture case. Rather, it is governed by the Civil Asset Forfeiture Reform Act and Supplemental Rule G of the Federal Rules of Civil Procedure. While Rule G permits the filing of a motion to dismiss under Rule 12(b), *see* FED. R. CIV. P. SUPP. RULE G(8)(b)(i), it does not permit the filing of a motion for a more definite statement under Rule 12(e). *See* FED. R. CIV. P. SUPP. RULE G(8).

Regardless, Rule 12 provides: "A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." FED. R. CIV. P. 12(e). The First Amended Complaint [183] is anything but vague or ambiguous. It is 104 pages long, and its attached list of assets is 36 pages long. The attachment describes the Subject Properties in detail. Attachment A to First Amended Complaint

[183-1], at 23, 24. The First Amended Complaint [183] describes the criminal acts giving rise to this forfeiture proceeding, and how the Subject Properties were purchased with funds derived from the proceeds of health care fraud. First Amended Complaint [183], at 2-39, 78. This is more than enough for Claimant to prepare a response. In fact, Claimant has responded by filing a Verified Claim [336] and a Motion to Dismiss [337].

### III. Conclusion

For these reasons, the Court **denies** the Motion to Dismiss and Motion for More Definite Statement [337] filed by Claimant HL&C Lamar, LLC.

SO ORDERED AND ADJUDGED this 21st day of July, 2022.

                                    /s/   Keith Starrett
                                    KEITH STARRETT
                    UNITED STATES DISTRICT JUDGE